# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNIE MARTIN**, | : | **CIVIL ACTION NO. 1:13-CV-1456** |
| Plaintiff, | : | (Chief Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA**, | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 24th day of February, 2014, upon consideration of the report and recommendation (Doc. 23) of Chief Magistrate Judge Martin C. Carlson, recommending that the court grant the defendant's motion (Doc. 19) pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the *pro se* plaintiff's complaint (Doc. 1) with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41, see FED. R. CIV. P. 41(b) (permitting court to dismiss lawsuit if "the plaintiff fails to prosecute or to comply with these rules or a court order") and failure to oppose the motion, see LOCAL RULE OF COURT 7.6 ("Any party who fails [to timely file a brief in opposition] shall be deemed not to oppose such motion."), and also for failure to fully exhaust administrative remedies, see 28 U.S.C. § 2675(a) ("An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . ."), and it appearing that neither party has

objected to the magistrate judge's report,[1] and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

---

[1] On January 28, 2014, the *pro se* plaintiff filed a document styled as a "Request to Rescind Administrative Order and Suspend Collection of Filing Fee." (Doc. 24). Plaintiff broadly avers that his claim was timely filed and, alternatively, advises that he would not have paid the filing fee or initiated this action had he known that his claims were subject to dismissal. To the extent this filing may be construed as a motion for a refund or suspension of collection of the $350 filing fee in this matter, the same is denied. See, e.g., Porter v. Dep't of the Treasury, 564 F.3d 176, 179 (3d Cir. 2009) ("It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits – appellants are not entitled to the return of their filing and docketing fees."). To the extent this filing may be construed as an objection, the same is overruled as it fails to present any meaningful challenge to the magistrate judge's report.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

1. The report of the magistrate judge (Doc. 23) is ADOPTED in its entirety.

2. Defendant's motion (Doc. 19) to dismiss is GRANTED.

3. Plaintiff's complaint (Doc. 1) is DISMISSED with prejudice.

4. The Clerk of Court is directed to CLOSE this case.


     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania